Jane U. ELLIOTT, Plaintiff,

v.

Robert B. ELLIOTT, Defendant.

Jane U. ELLIOTT, Plaintiff,

v.

Robert B. ELLIOTT, Lee K. Elliott and Colony Land Corp., Defendants.

Civ. Nos. 2900, 4427.

United States District Court,
S. D. New York.

March 16, 1970.

Milton S. Zeiberg, New York City, for plaintiff.

Fink, Weinberger & Levin, New York City, for defendants; Samuel G. Fredman, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiff moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment in two separate but related actions.

The first action is for the collection of past due alimony in the amount of $112,485.06, for a period commencing January 1, 1962 and terminating June 30, 1969. The second is to impose constructive trusts upon the "fee title" to a town house, owned by defendant Colony Land Corp., and upon the stock of Colony Land Corp., owned by defendant Lee K. Elliott. Plaintiff, in the event the motion in the second action is denied, seeks referral of the action to the Chief Judge for a trial preference pursuant to Rule 10(e) of the Calendar Rules.

A motion for summary judgment can only be granted if the record clearly demonstrates that there is no genuine issue of material fact lurking in the lawsuit.[1] The summary judgment procedure is provided to dispose of cases where pure issues of law are clearly presented for decision obviating the necessity for a trial on the merits. It is intended to economize the court's time, and its purpose is totally frustrated if determination of the motion would require as much time as a full trial on the merits.[2]

Since we are dealing with a procedure that operates in the shadow of the Seventh Amendment's guarantee of trial by jury, if there is any doubt as to the existence of a genuine issue of fact, summary judgment cannot be granted.[3] The burden is on the party seeking summary judgment to demonstrate conclusively that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law.[4] Complex cases where the questions are not, and often cannot be, conveniently isolated as pure questions of law are not appropriately disposed of by summary judgment.[5]

1. See, Empire Electronics Co. v. United States, 311 F.2d 175 (2d Cir. 1962).

2. See, Syracuse Broadcasting Corp. v. Newhouse, 236 F.2d 522, 526 (2d Cir. 1956); Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135 (2d Cir. 1945); 6 Moore, Federal Practice ¶ 56.16, p. 2447 (2d ed. 1966).

3. See, Fidelity and Deposit Co. of Maryland v. United States, 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902); Doehler Metal Furniture Co. v. United States, supra; Dean Construction Co. v. Si-

monetta Concrete Construction Corp., 37 F.R.D. 242, 244–245 (S.D.N.Y.1965).

4. See, Dean Construction Co. v. Simonetta Concrete Construction Corp., supra; 6 Moore, Federal Practice ¶ 56.15 [3] (2d ed. 1966).

5. See, Kennedy v. Silas Mason Co., 334 U.S. 249, 256–257, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948); Perma Research & Development Co. v. Singer Co., 308 F. Supp. 743 (S.D.N.Y.1970); Boston & M. R.R. v. Lehigh & N. E. R.R., 188 F. Supp. 486 (S.D.N.Y.1960), appeal dismissed, 287 F.2d 678 (2d Cir. 1961).

■ As to the first action, defendant Robert B. Elliott contends that he is not responsible for $112,485.06 in back alimony and presents three defenses: (1) plaintiff's calculation of the amount of alimony due is incorrect because plaintiff interpreted the term "net income" used in the separation agreement as gross income, when in fact it was intended to mean the income remaining after deduction and before taxes; (2) that plaintiff and defendant entered into a contract releasing defendant from past due alimony from January 1, 1962 to December 31, 1964; and (3) that a federal tax lien levied on plaintiff's assets would render defendant liable to the government for any payment of alimony to plaintiff.

The first defense requires the construction of a contract provision and the second a determination of the validity of a contract. Although these are predominantly questions of law, a resolution of them requires an inquiry into the intention of the contracting parties, an inquiry pregnant with factual controversies as to what was meant by various words and actions.

The parties' intent in using the term "net income" could be determined by evidence as to the method employed by the parties in evaluating net income in the eight-year period preceding this lawsuit. No such evidence has been presented. Nor has plaintiff submitted any facts, aside from the contract term itself, to aid the court in deciding what was meant by "net income."

The validity of the contract releasing defendant from alimony from January 1, 1962 to December 31, 1964 also turns on the parties' intent in requiring plaintiff to obtain a mortgage, and, once again, the record is barren of any facts indicating what was intended by placing that condition in the contract.

Plaintiff would have the court accept, as a matter of law, her interpretation of "net income" and her interpretation of the requirement of obtaining a mortgage, and prevent defendant from a trial on the merits of his contrary interpretation of both those terms, without presenting any facts, independent of the ambiguous contractual language, which indicate what the parties intended by using this language.

On the record before us as to the first action, plaintiff has not met the burden of establishing that there are no genuine issues of fact, and the motion for summary judgment in that action is, therefore, denied.

It is unnecessary for us to consider the third defense, since the first two raise legitimate questions of fact precluding summary disposition. We turn, therefore, to consider plaintiff's motion for summary judgment in the second action.

■ In this second action, plaintiff seeks to impose constructive trusts upon a "fee title" to a town house, owned by defendant Colony Land Corp., and upon stock of Colony Land Corp., owned by defendant Lee K. Elliott. Plaintiff claims that the town house was purchased by defendant Robert B. Elliott, in the name of Colony Land Corp., that his interest in Colony Land Corp. was fraudulently transferred for an inadequate consideration to his second wife, Lee K. Elliott, and that the transfer made him judgmentproof. Plaintiff contends that unless these constructive trusts are imposed, she will not be able to collect any judgment rendered in her favor in her alimony action against defendant Robert B. Elliott. Once again, however, plaintiff does not sustain her burden of showing that there are no genuine issues of material fact for trial.[6]

6. See note 4, *supra*.

In order to prove her claim for imposition of constructive trusts, plaintiff must, among other things, show either that defendant was insolvent at the time of the transfers or that the transfers were made with the intent to hinder, delay or defraud creditors.[7]

Defendant denies that he was insolvent at the various times when he transferred the Colony Land Corp. stock to his wife. This defense is supported by the fact that during the period when these transfers were made, defendant owned a one-half interest in the common stock of Goulding Elliott Graybar Productions, Inc. and derived an income, at times, of over $75,000 a year.

Defendant also denies that the transfers were made with the intent to delay, hinder or defraud creditors and claims that they were made for adequate consideration on the advice of counsel for tax purposes.

These two defenses raise questions of fact as to insolvency at the time the transfers were made and as to the intent with which the transfers were made. These unresolved questions preclude a motion for summary judgment, since, in order to prevail, plaintiff would have had to establish either insolvency or intent to defraud as a matter of law.

■ Plaintiff's request for referral of the second action to the Chief Judge is denied without prejudice to an appropriate application directly to the Chief Judge under Rule 10(e) of the Calendar Rules.

Accordingly, plaintiff's motions for summary judgment are in all respects denied.

So ordered.

---

7. See, N.Y. Debtor & Creditor Law, McKinney's Consol.Laws, c. 12, §§ 273 and 276.