CREDIT ASSOCIATES OF MAUI, LTD., a Hawaii corporation, Appellee, *v.* EDWARD LEONG, JULIAN TORRES and FELICIANO ASPRER, Appellants

NO. 5473

DECEMBER 3, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA AND MENOR, JJ., AND CIRCUIT JUDGE FONG ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal from a summary judgment of the trial court holding that Credit Associates of Maui, Ltd., plaintiff-

appellee (hereafter appellee), was not engaged in the unauthorized practice of law and that HRS Chapter 443, Collection Agencies, is constitutional. We conclude the judgment to be null and void.

The action below was begun by appellee, a collection agency, as the indorsee of a promissory note executed by Julian Torres and Feliciano Asprer, defendants-appellants (hereafter appellants), as co-makers of the note. Appellants, in their answer asserted, *inter alia,* a counterclaim for and on behalf of themselves and all other persons being subjected to suit as alleged debtors by the class of collection agencies created by HRS Chapter 443. The counterclaim alleged that appellee was engaged in the unauthorized practice of law and that HRS Chapter 443 was unconstitutional, and sought declaratory judgment and injunctive relief.

The trial court denied the request for class action and the motion for preliminary injunctive relief. Thereafter, after the filing of various motions and counter-motions, the appellants and appellee entered into a written stipulation of dismissal with prejudice of all claims by the parties, reserving, however, to the appellants "to proceed with the counterclaim for declaratory and injunctive relief based upon the alleged unauthorized practice of law . . . ."

The trial court approved the stipulation and thereafter, without trial and without any evidence adduced, rendered a summary judgment concluding that: (1) the appellee was not engaged in the unauthorized practice of law; and (2) HRS Chapter 443, *et seq.* is constitutional.

We are of the opinion that, based on the record of the case, the trial court erred in granting summary judgment.

After the filing of various motions and counter-motions by the parties and the resolve thereof by the trial court, the posture of the case at the moment the trial court rendered the summary judgment was as follows:

1. Appellee had not filed a reply answering appellants' counterclaims, sans class action;

2. Appellee had not filed any motion to dismiss, motion for judgment on the pleading or motion for summary judgment, sans class action;

3. There was no outstanding motion for summary judgment or motion for judgment on the pleading of the appellants;

4. Appellants' original prayer for a declaratory judgment on the counterclaim remained outstanding; and

5. Aside from appellee's complaint and appellants' allegations of facts in the counterclaims, nothing of probative value was introduced.

We are of the opinion that the trial court erred in rendering a summary judgment. The questions involved in this case are of such extreme importance affecting all of the collection agencies of the State and numerous debtors that a resolve of the questions cannot be premised on the sparse factual foundation of this case. Proper judicial administration requires a more substantial factual foundation for the determination of appellants' counterclaims. *State v. Zimring*, 52 Haw. 472, 476, 479 P.2d 202, 204 (1970).

In the instant case, however, appellants sought a declaratory judgment under the provisions of HRS § 632-1. We shall, therefore, consider the summary judgment to be a declaratory judgment in this instance. Notwithstanding, we are of the opinion that where a stipulated dismissal with prejudice of the complaint in favor of the appellants is filed prior to trial on the merits, the appellants and appellee no longer have any concrete interest in an actual controversy to empower the trial court to render a declaratory judgment. *Hanes Dye and Finishing Co. v. Caisson Corporation*, 309 F. Supp. 237, 240 (M.D.N.C. 1970); *see Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). A justiciable controversy no longer exists as required under the provisions of HRS § 632-1.

We therefore hold the judgment rendered by the trial court as null and void and the questions raised in the counterclaim as being moot.

*Michael A. Town (Hawaii Legal Services Project* of counsel) for appellants.

*William F. Crockett (Crockett* and *Crockett* of counsel) for appellee.