HAWAII HOUSING AUTHORITY, a public body and a body corporate and politic, Plaintiff-Appellee, *v.* JAMES C. CASTLE, JAMES GORDON McINTOSH, HAWAIIAN TRUST COMPANY, LIMITED, Hawaii corporation, Defendants-Appellants, and EVERETT A. ADAMS, et al., Defendants

NO. 8468

(CIVIL NO. 62181)

NOVEMBER 10, 1982

LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.[1]

*Per Curiam.* This is an appeal under § 101-34, HRS, from an order granting a motion for partial summary judgment, made by Appellee Hawaii Housing Authority and joined in by the Appellee Lessees, determining that the taking by eminent domain in this case was for a public use. We reverse and remand.

The Appellee, Hawaii Housing Authority (HHA), filed this action, pursuant to Chapter 516, HRS, to condemn the reversionary interest of the lessor/landowner appellants in certain residential leasehold lots situate in Maunawili on the Island of Oahu. The principal issues argued in this case relate to the constitutionality of Chapter 516, to wit: whether or not the taking is for a "public use"

---

[1] Richardson, C.J., recused himself after oral argument. The case is being decided by the remaining justices pursuant to § 602-10, HRS, as amended.

under the United States and Hawaii Constitutions. The answer to those questions may very well turn upon the sustainability of the findings of fact by the legislature when it enacted and amended Chapter 516. Yet there is a paucity of material bearing on that matter in the record.

In support of the motion for partial summary judgment, Appellee HHA filed in the court below a photostatic copy of a certified copy of findings of fact and conclusions of law with respect to the issue entered in an earlier case involving a different landowner, together with the decision of the United States District Court for the District of Hawaii in a different case involving a different landowner. Obviously, a photostat of a certified copy is not a certified copy and does not comply with Rule 56(e), HRCP. Obviously also, the decision of the United States District Court in question (which we understand is presently on appeal) may have precedential value with respect to the Constitution of the United States, but has no binding effect on us with respect to the Constitution of the State of Hawaii. Appellants filed nothing in the way of factual material in opposition to the motion for summary judgment. They did file a motion for summary judgment contending that the statute was facially unconstitutional but no factual showing in support thereof was made.

We are thus being asked to pass upon two questions of vast public import, i.e. whether a taking by eminent domain under the provisions of Chapter 516, HRS, is a "public use" within the meaning of that term as used in the Fifth Amendment to the Constitution of the United States and within the meaning of that term as used in Section 20 (formerly Section 18) of Article I of the Constitution of the State of Hawaii. The record, however, is devoid of any substantial evidence of what the legislature had before it when it enacted what is now Chapter 516 and the amendments thereto.

We are aware that there have been a number of eminent domain actions brought under Chapter 516, HRS. However, the present case and No. 8489 (which was argued the same day) are the first to come before us. The case is therefore one of first impression.

The Supreme Court of the United States said over 30 years ago:. But summary procedures, however salutary where issues are clear-cut and simple, present a treacherous record for deciding issues of far-flung import, . . .

*Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256-57, 68 S. Ct. 1031, 1034,

92 L. Ed. 1347, 1350 (1948). Our decisions have consistently been in accordance with that statement. *Molokai Homesteaders Co-operative Ass'n v. Cobb*, 63 Haw. 453, 457-58, 629 P.2d 1134, 1139 (1981); *Keller v. Thompson*, 56 Haw. 183, 193-94, 532 P.2d 664, 671-72 (1975); *Credit Associates of Maui v. Leong*, 56 Haw. 104, 106, 529 P.2d 198, 199 (1974); *State v. Zimring*, 52 Haw. 472, 475-76, 479 P.2d 202, 204-205 (1970). Section 101-34, HRS, upon which this appeal is based, calls for a trial upon the issue of public use. Since, as we have said, the case is, with respect to the "public use" issues, one of first impression, we are unwilling to decide the constitutionality of the statute without a trial, pursuant to the statute, being held. Such a trial would give us a record containing evidence together with the findings of fact and conclusions of law of the court below which would greatly aid our consideration of these issues of public importance. We therefore reverse and remand to the circuit court to follow the statutory procedure.

Reversed and remanded.

*William C. McCorriston (Goodsill Anderson & Quinn* of counsel) for appellants.

*Yukio Naito*, Special Deputy Attorney General, for appellee Hawaii Housing Authority.

*Anthony P. Locricchio* for defendant Lessees.