Edward A. BLAND, Plaintiff,

v.

ATLAS VAN LINES, INC., Defendant.

No. EV 87–38–C.

United States District Court,
S.D. Indiana,
Evansville Division.

June 30, 1989.

Fred S. White, Bamberger Foreman Oswald & Hahn, Evansville, Ind., for plaintiff.

Alan N. Shovers, Kahn Dees Donovan & Kahn, Evansville, Ind., for defendant.

BROOKS, Chief Judge.

## I. *Facts*

In March, 1970 plaintiff began working for Atlas Van Lines in Canada, a subsidiary of defendant, Atlas Van Lines, Inc. (Atlas). Plaintiff remained with Atlas Canada until September, 1978 when he began working for Atlas in Evansville, Indiana. Plaintiff alleges that at the time of his move from Atlas Canada to Atlas that he and the defendant reached an agreement that gave the plaintiff credit, for the purpose of plaintiff's pension, for the time that he worked at Atlas Canada.

On January 1, 1981 plaintiff was promoted to President of the defendant corporation. The parties entered into an "employment agreement" on that day which was signed by the plaintiff for himself and by the Chairman of the Atlas Board of Directors and Secretary of the Corporation on behalf of the defendant. The document was also signed by a witness. This contract was to become effective immediately—January 1, 1981.

The plaintiff terminated his employment with defendant on or about December 19, 1983. A "termination agreement" was entered into by the parties that same day.

Subsequently, plaintiff made demand on defendant for retirement benefits. The defendant refused to pay the plaintiff the benefits he claims to be entitled to and as a result the plaintiff filed his complaint with this Court on March 10, 1987.

Plaintiff asserts diversity under 28 U.S.C. § 1332 as the basis for jurisdiction.

The Complaint essentially alleges that the defendant breached the contracts of September, 1978 and December 19, 1983 by refusing to pay him retirement benefits equal to what employees under the Atlas pension plan would receive for service from 1970 to 1983.

Defendant has filed a Motion to Dismiss and a Renewed Motion to Dismiss and for Summary Judgment. The defendant asserts that plaintiff's State law claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. In addition, the defendant alleges that the plaintiff has failed to exhaust the requisite administrative procedures and remedies; to name the proper party defendant; and to name a necessary co-plaintiff. The plaintiff has responded to both the defendant's Motion to Dismiss and Renewed Motion for Dismissal and Summary Judgment and claims that he and defendant entered into contracts which are independent and separate from the Atlas pension plan, and as such, his contract claims are not preempted by ERISA.

Today this Court is called upon to rule on the defendant's Motion to Dismiss which also requests in the alternative, summary judgment. Since the defendant filed its original motion to dismiss much discovery has taken place and the parties have briefed the issues extensively. The plaintiff filed his brief in opposition to defendant's Motion to Dismiss; the defendant filed a Renewed Motion to Dismiss jointly with its Motion for Summary Judgment; the plaintiff responded to the defendant's Renewed Motion and new Motion for Summary Judgment; oral arguments have been heard and pre-trials conducted; the parties have provided the Court with supplemental authority in support of their respective claims on numerous occasions; and affidavits and depositions have been submitted to the Court for consideration. For this reason, the Court has chosen to treat the defendant's Motion as one requesting summary judgment. This is consistent with Fed.R.Civ.P. 12(b) which states that "if, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to

state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...."

## II. *Summary Judgment*

Fed.R.Civ.P. 56 governs summary judgment and subsection (c) states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgment is not intended to be a substitute for a trial on the disputed facts, rather it is intended to dispose of those cases which have no genuine issue of material fact to litigate. *Federal Savings and Loan Ins. Corp. v. Williams*, 599 F.Supp. 1184 (D.C.Md.1984). By granting a motion for summary judgment the court is concluding that, based upon the evidence which the court has available, no reasonable jury could return a verdict favoring the party against whom the summary judgment has been granted. *Munson v. Friske*, 754 F.2d 683 (7th Cir.1985).

Generally, the purpose of Rule 56 is to avoid unnecessary protracted litigation. Summary judgment allows the court to dispose of meritless claims before becoming entrenched in frivolous and costly trials. *Donahue v. Windsor Locks Bd. of Fire Comm'rs.*, 834 F.2d 54 (2nd Cir.1987). Although, if disposing of a summary judgment requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and the litigants' time. *Elliott v. Elliott*, 49 F.R.D. 283 (D.C.N.Y.1970); 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557–58.

When reviewing a motion for summary judgment a court must give the benefit of all inferences to the party opposing a motion for summary judgment and to examine the record in a light favorable to that party. *Johnson v. Educational Testing Service*, 754 F.2d 20 (1st Cir.), *cert. den.* 472 U.S. 1029, 105 S.Ct. 3504, 87 L.Ed.2d 635 (1985).

A court is to act with caution when granting summary judgment and may deny the motion when reason exists to believe that the better course is to proceed to a full trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This is not to say that a court should be reluctant to grant a motion for summary judgment when the record reflects that no genuine issue of material fact exists. The purpose of summary judgment procedure is to eliminate trial in cases where trial is unnecessary and results in delay and expense, and, with ever-increasing burden upon judiciary, persuasive reasons exist for utilization of summary judgment procedures whenever possible; courts therefore will not strain to find existence of genuine issue where none exists. *Ford Motor Credit Co. v. Devalk Lincoln–Mercury, Inc.*, 600 F.Supp. 1547 (D.C.Ill.1985). The Supreme Court stated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) that:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action ... Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the rule, prior to trial, that the claims and defenses have no factual basis. *Id.* at 326–27, 106 S.Ct. at 2554–55.

Using this standard the Court will now address the defendant's Motion for Summary Judgment.

## III. *ERISA Preemption*

ERISA was enacted by Congress to protect employees from the abuse and mismanagement of funds that are accumulated to finance various types of employee bene-

fits. *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 15, 107 S.Ct. 2211, 2219, 96 L.Ed.2d 1 (1987); see also *Massachusetts v. Morash,* 490 U.S. 107, 112–13, 109 S.Ct. 1668, 1671–72, 104 L.Ed.2d 98 (1989). ERISA is a broad sweeping statute and covers reporting and disclosure requirements for retirement plans; duties and liabilities of plan administrators; establishes rules for vesting and accrual of benefits; contains provisions for enforcement of the act; has special provisions relating to multi-employer plans; and makes provision for joint and survivor annuity. ERISA also has a section specifically preempting state law. That section reads:

§ 1144. Other laws

(a) Supersedure; effective date. Except as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 USCS § 1003(a)] and not exempt under section 4(b) [29 USCS § 1003(b)].

\* \* \* \* \* \*

(c) Definitions. For purposes of this section.

(1) The term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State. A law of the United States applicable only to the District of Columbia shall be treated as a State law rather than a law of the United States....

 The preemption provision has been construed broadly so that it stretches beyond the subject matter contained in ERISA. In *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97 (1982) the Supreme Court held that State law need not deal "with the subject matters covered by ERISA-reporting, disclosure, fiduciary responsibility, and the like." Rather, all State law that "relates to" benefits plans is preempted. Generally, State law contract claims involving pension plans fall under ERISA and are preempted. *Scott v. Gulf Oil Corporation,* 754 F.2d 1499 (1985). The parties have framed their arguments so as to ask

one question—are the contracts that the parties entered into concerning the plaintiff's pension separate and independent from defendant's pension plan and not preempted or are they subject to ERISA? The Court feels as though two questions must be asked. First, did the parties intend to bring the plaintiff under the Company retirement plan by virtue of the contracts the parties entered into? If yes, then no further analysis is necessary. If no, then the contract itself must be examined and a determination of whether the contracts themselves constitute a "pension plan" as defined by ERISA must be made.

29 U.S.C. § 1002(2)(A) defines a pension plan or pension benefit plan as:

"Any plan ...

(2)(A) Except as provided in subparagraph (B), the terms "employee pension benefit plan" and "pension plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—

(i) provides retirement income to employees, or

(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,

regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

The parties agree that the Atlas Van Lines pension plan is a plan as set out in 29 U.S.C. § 1002. The issue is whether the parties intended, at the time of contract formation, for the plaintiff to be a participant in that plan. The defendant points to three facts to prove that the plaintiff falls under the established company pension plan. First, the plaintiff alleges that the contract of 1981 brings the plaintiff under the plan with the language "the employee shall also be entitled to participate in any employee benefit plans initiated by the employer for the benefit of its employ-

ees...." Second, defendant points to the Affidavit of Patricia Walker, Administrator of the Atlas Pension Plan, who stated that plaintiff was a participant under the plan from September, 1978 to December, 1983. Third, defendant asserts that the 1983 termination contract brings the plaintiff under the company pension plan. It is the opinion of this Court that the December, 1983 Agreement does establish that the parties intended for the plaintiff to receive pension benefits under the Atlas Van Lines Pension Plan and the Court need not look any further for intent pursuant to the application of Indiana's parol evidence rule.

### IV. *Parol Evidence*

■ It is well established rule that when examining a contract a court should not look outside of the written documents for an expression of intent if the language of the contract is unambiguous and no reason exists for recission of the contract.

> The Indiana Supreme Court stated that: Parol evidence or other evidence extrinsic to a written instrument is not admissible for the purpose of altering, modifying or changing its meaning, terms or conditions. If a written instrument appears to be complete on its face and executed, there is a conclusive presumption (a rule of substantive law) that it is the ultimate intention of the maker, and its terms or conditions may not be varied or changed by parol or extrinsic evidence coming de hors the instrument. *Lewis v. Burke*, 226 N.E.2d 332, 337 (1967).

The Court of Appeals of Indiana addressed parol evidence in *Skrypek v. Joseph Valley Bank*, 469 N.E.2d 774, 777 (Ind.App.1984), where it held that "under the 'four corners rule' followed in Indiana for the construction of written instruments, determination of the intent of the parties is limited to the express language found with the instrument. Parol evidence is inadmissible where there is no ambiguity in the language." Citing *American Fletcher National Bank v. Pavilion, Inc.*, 434 N.E.2d 896, 904 (Ind.App.1982) vacated on other grounds, 453 N.E.2d 156.

In the December 19, 1983 contract the following provision is found: "That I shall retain and be entitled to all pension bene-fits vested in me as of the date hereof under the company's pension plan, based on my employment commencing March 16, 1970...."

■ The parties are in agreement that this handwritten provision, contained on a separate sheet, was executed simultaneously with the typed portion of the document and that the two were intended to be one. The plaintiff wrote the additional provision. He used the phrase "under the company's pension plan." This language is unambiguous. Absent reasons to rescind a contract, such as fraud, a Court must not look beyond the document for intent when the contract language is unambiguous. The only reasonable reading of the contract concludes that the parties intended for the plaintiff to participate in defendant's pension program. As such, defendant's Motion for Summary Judgment as to plaintiff's state law claims is GRANTED.

The plaintiff is hereby given thirty (30) days from the date of this Order to file an Amended Complaint, if he so desires.

IT IS SO ORDERED.