COUNTY OF MAUI, Plaintiff-Appellee,
v.
STEVE LUNDBORG, Defendant-Appellant, and
JOHN DOES 1-10; JOHN DOE PARTNERSHIPS 1-10; JOHN DOE CORPORATIONS 1-10; and JOHN DOE GOVERNMENT ENTITIES 1-10, Defendants-Appellees
No. 29578
Intermediate Court of Appeals of Hawaii.
November 2, 2009.
On the briefs:
Michael G.M. Ostendorp, for Defendant-Appellant.
Moana M. Lutey, Deputy Corporation Counsel, County of Maui, for Plaintiff-Appellee.

MEMORANDUM OPINION
WATANABE, Presiding Judge, FOLEY and LEONARD, JJ.
Defendant-Appellant Steve Lundborg (Lundborg) appeals from the "Order Granting Plaintiff County of Maui's Motion for Summary Judgment and Denying Defendant Steve Lundborg's Motion to Dismiss Plaintiff County of Maui's First Amended Complaint for Declaratory Judgment Filed on 8/23/07" (Order), filed on November 6, 2007 in the Circuit Court of the Second Circuit[1] (circuit court).
On appeal, Lundborg argues that the circuit court did not have jurisdiction under Hawaii Revised Statutes (HRS) § 632-1 (1993) to issue declaratory relief. We agree and reverse the circuit court's Order.

I. BACKGROUND
On June 4, 1999, Lundborg applied for a firearm permit with the Maui Police Department (MPD). MPD Police Chief, Thomas Phillips (Chief Phillips), denied Lundborg's permit based on evidence that Lundborg had been convicted in 1986 of Reckless Endangerment (a misdemeanor) in Colorado. Lundborg had used a firearm to threaten another person.
In 2005, Lundborg reapplied for a firearm permit. A MPD employee informed Lundborg that his application would not be accepted for processing. In letters to Chief Phillips, Lundborg argued that his application should be considered because he had not been convicted of a crime of violence in Colorado as no one had been threatened or injured in the Colorado incident. Lundborg also threatened litigation over Chief Phillips's refusal to consider his application.
On October 3, 2005, the County of Maui filed a complaint in the circuit court, seeking a declaration that Lundborg "is not entitled to own or possess a firearm under [HRS §] 134-7." The County of Maui subsequently filed a First Amended Complaint on August 23, 2007, requesting "[t]hat a declaratory judgment be entered finding and ordering that [Chief Phillips] properly exercised his discretion under [HRS] Section [sic] 134." Lundborg filed an answer to the First Amended Complaint and a motion to dismiss the First Amended Complaint (Motion to Dismiss). Lundborg did not contest the propriety of the 1999 denial of his permit application by Chief Phillips in either his answer or Motion to Dismiss. On September 28, 2007, the County of Maui filed a motion for summary judgment (County of Maui's SJ Motion).
On November 6, 2007, the circuit court filed its Order granting the County of Maui's SJ Motion and denying Lundborg's Motion to Dismiss. Lundborg timely appealed.

II. STANDARDS OF REVIEW

A. Mootness
"It is axiomatic that mootness is an issue of subject matter jurisdiction. Whether a court possesses subject matter jurisdiction is a question of law reviewable de novo." Hamilton v. Lethem, 119 Hawai`i 1, 4-5, 193 P.3d 839, 842-43 (2008) (internal quotation marks and citation omitted).

B. Summary Judgment
"We review the circuit court's grant or denial of summary judgment de novo. Under the de novo standard, we examine the facts and answer the question without being required to give any weight to the circuit court's answer to it." Hawaii Ventures, LLC, v. Otaka, Inc., 114 Hawai`i 438, 457, 164 P.3d 696, 715 (2007) (internal quotation marks, citations, and brackets omitted).

C. Statutory Interpretation
The standard of review for statutory construction is well-established. The interpretation of a statute is a question of law which [the appellate] court reviews de novo. Where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning.

Liberty Mut. Fire Ins. Co. v. Dennison, 108 Hawai`i 380, 384, 120 P.3d 1115, 1119 (2005) (internal quotations omitted) (quoting Labrador v. Liberty Mut. Group, 103 Hawai`i 206, 211, 81 P.3d 386, 391 (2003)).
Sierra Club v. Dep't of Transp. of State of Hawai`i, 120 Hawai`i 181, 197, 202 P.3d 1226, 1242 (2009), reconsideration denied, 2009 WL 1567327 (May 13, 2009).

III. DISCUSSION

A. WHETHER CHIEF PHILLIPS PROPERLY EXERCISED HIS DISCRETION IN DENYING LUNDBORG'S PERMIT IN 1999 DOES NOT PRESENT A SUBSTANTIAL CONTROVERSY UNDER HRS § 632-1.
Lundborg argues that the circuit court did not have jurisdiction under HRS § 632-1 to issue a declaratory judgment on the First Amended Complaint. HRS § 632-1 provides in relevant part:
Relief by declaratory judgment may be granted in civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which the party has a concrete interest and that there is a challenge or denial of the asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding.
In Kaho`ohanohano v. State, 114 Hawai`i 302, 162 P.3d 696 (2007), the Hawai`i Supreme Court explained two requirements for jurisdiction under HRS § 632-1:
It has been noted that the dispositive question under HRS § 632-1 (1993), authorizing actions for declaratory judgment, is "whether `the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding.' This is a question of law." Island Ins. Co. v. Perry, 94 Hawai`i 498, 502, 17 P.3d 847, 851 (App. 2000) (quoting HRS § 632-1). Further, "[i]n determining whether parties still retain sufficient interests and injury as to justify the award of declaratory relief, the question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment." United Public Workers, AFSCME, Local 646 v. Yogi, 101 Hawai`i 46, 57, 62 P.3d 189, 200 (2002) (Acoba, J., concurring) (quoting Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 122, 94 S. Ct. 1694, 40 L. Ed. 2d 1 (1974) (other citation omitted)) (internal quotation marks, brackets, and ellipses omitted).
Id. at 332, 162 P.3d at 726 (footnote omitted).
Lundborg argues that there is no "substantial controversy" about the denial of his firearm permit in 1999 by Chief Phillips and the circuit court's granting relief on this issue did not "terminate the uncertainty or controversy giving rise to the proceeding." Lundborg contends there is no substantial controversy because he repeatedly conceded the issue of Chief Phillips's 1999 denial. Lundborg additionally avers that the circuit court's declaratory judgment "did nothing to lessen the likelihood of future litigation over the [County of Maui's] due process and equal protection violations of [his] rights." We agree.
The circuit court clearly focused on and addressed the narrow issue of whether Chief Phillips's 1999 denial of Lundborg's firearm permit was proper. The First Amended Complaint provides in relevant part:
3. On June 4, 1999, [Lundborg] completed an Application for Permit to Acquire Firearms ("Application") with the [MPD].
4. [Chief Phillips] exercised his discretion as Chief of Police under [HRS §] 134-2, and denied [Lundborg's] Application for Permit to Acquire Firearms.
5. A dispute exists between the parties because [Lundborg] does not believe that his Application for Permit to Acquire Firearm[s] should have been denied.
WHEREFORE, [COUNTY OF MAUI] requests that this Court adjudge, decree, declare and enter judgment as follows:
1. That a declaratory judgment be entered finding and ordering that [Chief Phillips] properly exercised his discretion under [HRS] Section [sic] 134.
At the hearing on Lundborg's Motion to Dismiss and the County of Maui's SJ Motion, the circuit court, in denying Lundborg's motion and granting the County of Maui's motion, noted:
The record . . . reveals that there was a proper basis for the chief of police of the County of Maui to exercise his discretion in the manner that it was exercised. And that based on the record before him, there were supporting documents, in the Court's view, given the complaint that asked this Court to determine whether that action was proper. The Court concludes that there are no genuine issues of material fact relative to the prayer in the complaint, the amended complaint. And that the County of Maui is entitled to judgment as a matter of law relative to the actions taken by the chief of police.
At the end of the hearing, counsel for Lundborg asked the circuit court: "This is only regarding the 1999 decision?" The circuit court responded: "Yes. That's the  that's what the complaint addresses." The circuit court's declaratory judgment therefore solely addressed the issue of the 1999 denial.
Lundborg repeatedly conceded this issue. In his answer to the First Amended Complaint, Lundborg stated in relevant part:
4. As to paragraph 5 of the Amended Complaint, [Lundborg] denies that Chief Phillips [sic] decision eight (8) years ago is presently the subject of any actual controversy or dispute. [Lundborg] denies that there is any cognizable dispute concerning personal beliefs that [Lundborg] may or may not have. [Lundborg] is without knowledge or information at this time sufficient to form a belief as to the substance of [County of Maui's] beliefs, but denies that any such beliefs form the basis of a justiciable controversy.
Additionally, Lundborg stated in his Motion to Dismiss that he had "demonstrated by admission in the answer that the propriety of Chief Phillips' [sic] having used his discretion in 1999 to deny [Lundborg's] permit application eight (8) years ago is not disputed by [Lundborg]." (Emphasis in original.) Lundborg repeats this admission of propriety again later in his Motion to Dismiss and in his reply memorandum to the County of Maui's opposition memorandum to the Motion to Dismiss.
We conclude, based on the proceedings and Lundborg's concession, that there was no "substantial controversy" as to the issue of Chief Phillips's 1999 denial of Lundborg's firearm permit.

B. EVEN IF LUNDBORG'S THREATS OF LITIGATION CREATED AN ACTUAL CONTROVERSY, THE RELIEF GRANTED FAILED TO QUIET UNCERTAINTY AND FUTURE LITIGATION UNDER HRS § 632-1.
The County of Maui argues that Lundborg's three letters, threatening litigation over Lundborg's permit, created a controversy under HRS § 632-1. We need not address this argument because the circuit court's declaratory relief failed "to terminate the uncertainty or controversy giving rise to the proceeding." Kaho`ohanohano, 114 Hawai`i at 332, 162 P.3d at 726. Lundborg argues that the circuit court's declaration as to the propriety of the 1999 denial does not quiet the possibility of litigation over "[t]he [County of Maui's] recent denial of due process and equal protection[.]" We agree with Lundborg that the issue of the 1999 denial is separate and distinct from the issue of Lundborg's current eligibility under HRS §§ 134-2 and 134-7 (Supp. 2005). By granting relief on the narrow, uncontested issue of the 1999 denial, the circuit court failed to settle the possibility of uncertainty and future litigation with respect to Lundborg's due process and equal protection claims arising from the County of Maui's refusal to consider his current eligibility. The circuit court accordingly did not have jurisdiction under HRS § 632-1 to grant the County of Maui's SJ Motion and deny Lundborg's Motion to Dismiss. See Credit Assocs. of Maui, Ltd. v. Leong, 56 Haw. 104, 105, 529 P.2d 198, 199-200 (1974) (treating summary judgment under HRS § 632-1 as a declaratory action).

IV. CONCLUSION
The "Order Granting Plaintiff County of Maui's Motion for Summary Judgment and Denying Defendant Steve Lundborg's Motion to Dismiss Plaintiff County of Maui's First Amended Complaint for Declaratory Judgment Filed on 8/23/07" filed on November 6, 2007 in the Circuit Court of the Second Circuit is reversed.
NOTES
[1] The Honorable Joseph E. Cardoza presided.