17 P.3d 847

ISLAND INSURANCE COMPANY, LTD., Plaintiff–Appellee,

v.

Roy S. PERRY, Defendant–Appellant,

and

Gary D. Folster, Defendant.

No. 22561.

Intermediate Court of Appeals of Hawai'i.

Nov. 22, 2000.

As Amended Feb. 15, 2001.

Roy K. S. Chang and Harvey M. Demetrakopoulos, Honolulu, (Shim & Chang, of counsel), on the briefs, for Defendant–Appellant.

Roy F. Hughes and John T. Hassler, Honolulu, (Hughes & Taosaka, of counsel); on the briefs, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the court BURNS, C.J.

Defendant–Appellant Roy Perry (Perry) appeals the circuit court's May 26, 1999 Final Judgment in favor of Plaintiff–Appellee Island Insurance Company, Ltd. (Island). We vacate and remand for entry of an order of dismissal for lack of jurisdiction.

We conclude that when the insurer of the insured/alleged tortfeasor brings a statutory action for a declaratory judgment that the insurer does not have a duty to defend or indemnify the insured/alleged tortfeasor regarding a particular motor vehicle accident, and the declaratory judgment action is

against only the alleged victim and not the insured/alleged tortfeasor, the declaratory judgment statute does not authorize the circuit court to decide the declaratory judgment action.

## BACKGROUND

On October 7, 1993, Defendant–Appellant Gary D. Folster (Folster) and Perry were involved in a vehicular accident. Folster was driving a tow truck owned by Michael Garrow (Garrow). Garrow's tow truck was insured by a business automobile insurance policy issued by Island to Garrow (Garrow Policy). Folster was insured by a personal automobile insurance policy issued by Island (Folster Policy).

In *Perry v. Folster,* Civil No. 95–3610–10, filed in the First Circuit Court of the State of Hawai'i on October 6, 1995, Perry sued both Folster and Garrow.

This case on appeal commenced on April 17, 1997, when Island filed a Complaint for Declaratory Judgment seeking a declaration that it had no duty to defend or indemnify Folster under the Folster Policy. The defendants were Perry and Folster.

Island's Complaint was based on Exclusion No. 7 in the Folster Policy excluding "[c]overage for any person ... using any vehicle[,]" other than a private passenger auto, pickup, panel truck, van, or trailer used with such a vehicle, "while that person is employed or otherwise engaged in any business or occupation (other than farming or ranching)[.]" Island contended that because, at the time of the accident, Folster was using a tow truck and was being paid to tow a vehicle, Folster was not driving a passenger auto, pickup, panel truck, van, or trailer used with such a vehicle, and he was then engaged in a business other than farming or ranching.

In response, Perry alleged:

7. Folster operated an automobile mechanic shop called "Gary's Automotive Specialist".

8. He leased a portion of this space to Michael Garrow ("Garrow") who operated a towing service called "Gas Tow".

9. On occasion, Folster would help out Garrow if Garrow was in need of someone to handle the towing of a vehicle.

10. Folster was not in the business of being a tow truck operator or driver....

11. His occupation and business was as an auto mechanic....

12. His primary source of income was from his mechanic business....

13. On the occasions he helped Garrow, he was not paid but given either a 12–pack of beer or $10 to buy the beer....

14. Folster would assist Garrow purely as a favor to him....

15. He was not hired by Garrow, was not his employee, was never paid a salary and was never provided with any employee benefits by Garrow....

16. On October 7, 1993, while driving Garrow's tow truck, as a favor to him, Folster rear-ended Roy Perry causing him severe and permanent back injuries.

17. Perry filed suit against both Garrow and Folster....

18. [Island] insured the Garrow owned vehicle which Folster was driving at the time of the accident.

19. [Island] has tendered the policy limits for that vehicle.

20. A claim was then made by Perry as against Folster's own motor vehicle liability policy with [Island].

Although he was personally served on May 1, 1997, Folster did not answer Island's complaint.

On February 6, 1998, Perry filed Defendant Roy Perry's Responsive Pretrial Statement listing Folster as one of his witnesses. Folster's address was stated to be "c/o" the attorneys representing Island.

On February 17, 1998, Island filed notice that it would take Folster's deposition on March 5, 1998. The Certificate of Service states that it was served on the following: "RALPH R. LAFOUNTAINE, ESQ., Suite 2000, Amfac Tower, 700 Bishop Street, Honolulu, Hawaii 96813, Attorney for Defendant Gary D. Folster."

On February 18, 1998, Island filed a Notice of Dismissal Without Prejudice of Island In-

surance Company, Ltd.'s Claims Against Defendant Gary D. Folster, in which it stated, without substantive explanation, in relevant part as follows:

> NOTICE IS HEREBY GIVEN that the Complaint for Declaratory Relief filed herein by [Island] is hereby dismissed without prejudice as to [Folster].
>
> This Notice of Dismissal is based on Rule 41(A)(1)( [A] ) of the Hawaii Rules of Civil Procedure.[1] [Folster] has not filed an Answer to the Complaint for Declaratory Relief nor has a Motion for Summary Judgment been filed.

(Footnote added.)

On March 6, 1998, Island filed its First Amended Notice of Taking Deposition Upon Oral Examination giving notice of its intent to take Folster's deposition on March 19, 1998, at the offices of his attorney, Ralph R. LaFountaine. Service of the notice was made upon Folster by delivery to his attorney, Ralph R. LaFountaine.

On June 22, 1998, the circuit court entered its Order Denying Plaintiff Island Insurance Company, Ltd.'s Motion for Summary Judgment Filed on May 21, 1998.

On May 12, 1999, after a nonjury trial on April 20, 1999, the court entered Findings of Fact and Conclusions of Law (FsOF and CsOL) in relevant part as follows:

### FINDINGS OF FACT

. . . .

16. In 1993, Garrow operated a business that included towing vehicles.

17. By 1993, Garrow and Folster had known each other for about fifteen years.

18. In 1993, Folster operated an automobile repair shop and leased space to Garrow for Garrow's business.

19. In the three year period prior to the accident, Folster served as a back-up driver for Garrow's business and operated tow trucks owned by Garrow. If Garrow or his employees were not available to provide towing services requested by Garrow's customers, Folster would respond to the request on behalf of Garrow by using Garrow's tow truck.

20. Initially, Folster agreed to perform these services for Garrow without compensation, but eventually Garrow and Folster agreed that Garrow would pay Folster $10.00 or a 12–pack of beer for each vehicle Folster towed for Garrow.

21. Over the three year period before the accident, Folster towed vehicles for Garrow using Garrow's two trucks about once or twice a week.

22. On or about October 7, 1993, Garrow was out of his shop so Folster responded to a request for towing services from Oahu Chrysler Jeep (hereinafter "Chrysler") on Garrow's behalf.

23. Folster was involved in the accident while operating Garrow's tow truck and responding to the request from Chrysler to tow a vehicle to Chrysler's service department in Waipahu.

24. The tow truck was not described or identified on the declaration page of Folster's policy.

### CONCLUSIONS OF LAW

. . . .

2. The Court has jurisdiction over the parties and subject matter of this action.

. . . .

7. At the time of the accident, Folster was using a vehicle while engaged in a business, other than farming or ranching.

8. The vehicle Folster was operating at the time of the accident was not a private passenger auto, pickup, panel truck, van, or trailer.

9. Exclusion No. 7 of Folster's Policy applied to Folster's operation of the tow truck at the time of the accident.

10. Pursuant to Exclusion No. 7 [use while engaged in any business or occupa-

---

**1.** Rule 41 of the Hawai'i Rules of Civil Procedure states, in relevant part, as follows:

(a) *Voluntary dismissal; Effect thereof.*

(1) By plaintiff; by stipulation. . . . [A]n action may be dismissed by the plaintiff without order of court (A) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]

tion], [Island] does not have a duty to defend or indemnify Folster for the claims asserted by Perry against him in the underlying action.

On May 26, 1999, the circuit court entered a Final Judgment in favor of Island and against Perry as follows:

1. On the Complaint, judgment is entered in favor of [Island] and against [Perry].

2. [Island's] claim against [Folster] was voluntarily dismissed without prejudice pursuant to the January 1, 1998 Notice of Dismissal Without Prejudice of [Island's] Claims Against [Folster].

3. All other claims and parties are dismissed.[2]

## POINTS ON APPEAL

Perry asserts the following points on appeal:

1. COL no. 2 is wrong.

The court lacked jurisdiction over the subject matter in this case because there was no justiciable controversy between [Island] and Perry. The actual controversy was between [Island] and its insured, Folster. [Island] dismissed its action against Folster on February 18, 1999. That ended the actual controversy. . . . Folster was an indispensable party, and [Island] did not state any claims against Perry for which relief can be granted. . . .

2. COL no. 9 is wrong.

There are two classes of insureds or "covered persons" under the policy, and different exclusions apply to each. The first class, "you or any family member," refers to Folster and his family members. The second class refers to "any person", other than those in class one. Exclusion No. 7 does not apply to the class of which Folster was a member at the time of the accident.

3. COL no. 9 is wrong.

Several appellate courts have previously examined this exact same policy language and have interpreted it differently from the trial court. The difference of opinions

by the courts, by definition, makes the policy ambiguous. Further, the language fails to clearly define which exclusions apply to which classes of insureds. This ambiguity should also have been construed against the insurer.

4. COL no. 9 is wrong. The court erred when it did not conclude that Exclusion No. 7 is contrary to Hawai'i law. "Hawaii law requires an individual to buy a driver's policy, which provides liability coverage for whatever type of motor vehicle the driver operates and which does not limit the use of that vehicle."

## STANDARD OF REVIEW

 Conclusions of law are reviewed under the right/wrong standard. Under the *de novo* or right/wrong standard, this court "examine[s] the facts and answer[s] the question without being required to give any weight to the trial court's answer to it." "[A] conclusion of law is not binding upon the appellate court and is freely reviewable for its correctness."

*Matter of Estate of Marcos*, 88 Hawai'i 148, 153, 963 P.2d 1124, 1129 (1998) (citations, ellipsis, and internal quotation marks omitted).

## DISCUSSION

 In this appeal, Perry contends that "Folster was an indispensable party[.]"

In determining indispensability, courts have generally considered and weighed the following factors: (1) the possibility that an absent person will be adversely affected; (2) the possibility of inconsistent judicial decisions imposing undue hardship on the defendant; and (3) the likelihood of the defendant being harassed by multiple suits.

*Thornley v. Sanchez*, 9 Haw.App. 606, 613, 857 P.2d 601, 605 (1993) (citations omitted). Although we conclude that none of the three *Thornley* indispensability factors are present in this case, we nevertheless conclude that Folster is indispensable.

---

**2.** The record does not reveal any other claims or parties.

Actions for declaratory judgments are authorized by Hawai'i Revised Statutes (HRS) § 632–1 (1993). That statute states in relevant part as follows: "Relief by declaratory judgment may be granted in civil cases where an actual controversy exists between contending parties, ..., and the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding."

█ "We regard the language of § 632–1, HRS, previously quoted, as being jurisdictional." *Haas & Haynie Corp. v. Pacific Millwork Supply, Inc.*, 2 Haw.App. 132, 134, 627 P.2d 291, 293 (1981). Thus, Hawai'i Rules of Civil Procedure Rule 57 states in relevant part that "[t]he procedure for obtaining a declaratory judgment pursuant to statute shall be in accordance with these rules" and, in *Life of the Land v. Land Use Commission*, 63 Haw. 166, 177, 623 P.2d 431, 441 (1981), the Hawai'i Supreme Court stated that "we next consider whether the criteria prescribed by the procedural statutes invoked, ... and HRS § 632–1, have also been satisfied."

█ In the words of HRS § 632–1, the dispositive question is whether "the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding." This is a question of law. The answer is no.

█ We recognize that, even without Folster, a declaratory judgment in favor of Perry and against Island that Island has a duty to defend and indemnify Folster against Perry's suit would serve to terminate the uncertainty or controversy giving rise to the proceeding. Without Folster, however, a declaratory judgment in favor of Island and against Perry that Island does not have a duty to defend and indemnify Folster against Perry's suit will not "serve to terminate the uncertainty or controversy giving rise to the proceeding[.]" As noted above, Perry sued Garrow and Folster. The court's declaratory judgment in favor of Island and against Perry that Island does not have a duty to defend and indemnify Folster against Perry's suit will bind Island and Perry but will not bind Folster. *Thornley*, 9

Haw.App. at 614, 857 P.2d at 605. In defending against Perry's suit, nothing precludes Folster from re-litigating the identical question presented in this declaratory action, *i.e.*, whether Island owes Folster a duty to defend and indemnify Folster against Perry's suit. Thus, we agree with the conclusion that "[i]n an action by a liability insurer for declaratory judgment to determine the insurer's liability to an insured party, the insured is, of course, a necessary and indispensable party." *Aetna Casualty & Surety Company v. Rasa Management Company, Inc.*, 621 F.Supp. 892 (D.Nev.1985).

## CONCLUSION

Accordingly, we vacate the circuit court's May 26, 1999 Final Judgment in favor of Plaintiff–Appellee Island Insurance Company, Ltd., and remand for the entry of an order dismissing this case for lack of jurisdiction to enter a declaratory judgment.

