**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000441**
**07-MAY-2025**
**07:58 AM**
**Dkt. 105 SO**

NO. CAAP-22-0000441

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BOOKING.COM B.V., Plaintiff-Appellant, v.
GARY S. SUGANUMA, in his official capacity as
Director of Taxation, and STATE OF HAWAII DEPARTMENT
OF TAXATION, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191000107)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

**Booking.com** B.V.[1] appeals from the January 24, 2023 **Final Judgment** for Gary S. Suganuma,[2] in his official capacity as Director of Taxation, and the State of Hawaiʻi Department of Taxation (together, **DOTax**), entered by the Circuit Court of the First Circuit.[3]  Booking.com challenges the circuit court's June 13, 2022 "Order Granting Defendants . . . Motion to Dismiss Complaint."  We affirm.

Booking.com sued DOTax on January 18, 2019.  The complaint alleged:  Booking.com is headquartered in Amsterdam,

---

[1]     B.V. stands for *besloten vennootschap*; it means *private limited company* in Dutch.

[2]     Gary S. Suganuma, the current director of taxation, is substituted for former directors Linda Chu Takayama and Isaac W. Choy, pursuant to Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1).

[3]     The Honorable Gary W.B. Chang presided.

the Netherlands; it operates a website on which travelers can make reservations for transient accommodations and travel-related services; it receives a predetermined per-reservation commission from the lodging and service providers; Hawaii Administrative Rules (**HAR**) § 18-237-29.53-10(a)(3)[4] imposed tax on electronic commerce in a discriminatory manner, subjecting online merchants to taxation that is not imposed on brick-and-mortar merchants solely because the transient accommodations or travel-related bookings are "sold, purchased, or arranged" online.  Booking.com sought a declaration under Hawaii Revised Statutes (**HRS**) § 91-7 that HAR § 18-237-29.53-10(a)(3) was invalid and void.

On November 10, 2021, DOTax issued a Notice of Final Assessment of General Excise and/or Use Tax to Booking.com for calendar years 2010 through 2020 totaling $19,737,315.28. Booking.com filed an appeal in the Tax Appeal Court on December 9, 2021.  Judiciary Information Management Systems No. 1CTX-21-0001613.  We take judicial notice under Rule 201, Hawaii Rules of Evidence, Chapter 626 HRS (2016), that the tax appeal is set for trial the week of June 15, 2026.

The State moved to dismiss the complaint below on March 14, 2022.  The motion was heard on May 10, 2022.  The circuit court entered an order granting the motion on June 13, 2022.  This appeal followed.  The Final Judgment was entered on January 24, 2023, after a temporary remand.

---

[4]     HAR § 18-237-29.53-10 (2018) provides, in relevant part:

(a)   Except as provided in section 18-237-29.53-04 [("Services related to real property")], services performed by a commissioned agent are used or consumed where the agent is located at the time the agent's services are performed; provided that:

. . . .

(3)   when transient accommodations or travel-related bookings are sold, purchased, or arranged online through a commissioned agent, the agent's service is used or consumed where the transient accommodation or travel-related booking is located.

Booking.com states a single point of error: "The circuit court erred in ruling that it lacks subject matter jurisdiction to hear Booking's challenge to the validity of the Department's Rule pursuant to HRS § 91-7."

The existence of subject matter jurisdiction is a question of law we review de novo under the right/wrong standard. <u>Ocean Resort Villas Vacation Owners Ass'n v. Cnty. of Maui</u>, 147 Hawaiʻi 544, 552, 465 P.3d 991, 999 (2020). Interpretation of a statute is also a question of law we review de novo. <u>Id.</u>

We begin with the plain language of the statute. <u>Ocean Resort Villas</u>, 147 Hawaiʻi at 553, 465 P.3d at 1000. HRS § 91-7 (2012 & Supp. 2018) provides:

> **Declaratory judgment on validity of rules**. (a) Any interested person may obtain a judicial declaration as to the validity of an agency rule as provided in subsection (b) by bringing an action against the agency in the circuit court or, if applicable, the environmental court, of the county in which the petitioner resides or has its principal place of business. The action may be maintained whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.
>
> (b) The court shall declare the rule invalid if it finds that it violates constitutional or statutory provisions, or exceeds the statutory authority of the agency, or was adopted without compliance with statutory rulemaking procedures.

The plain language of HRS § 91-7 supports Booking.com's argument that the circuit court had subject matter jurisdiction over its declaratory judgment action.

DOTax argued the circuit court lacked subject matter jurisdiction because the Hawaiʻi declaratory judgment statute provides:

> In cases of actual controversy, courts of record, within the scope of their respective jurisdictions, shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceeding shall be open to objection on the ground that a *judgment or order merely declaratory of right is prayed for;* **provided that declaratory relief may not be obtained . . . in any controversy with respect to taxes**[.]

HRS § 632-1(a) (2016) (emphasis added).[5]  The statute is jurisdictional.  Island Ins. Co. v. Perry, 94 Hawai'i 498, 502, 17 P.3d 847, 851 (App. 2000); Hawai'i Rules of Civil Procedure Rule 57 ("declaratory relief may not be obtained in any controversy with respect to taxes").

In Tax Found. of Haw. v. State, 144 Hawai'i 175, 439 P.3d 127 (2019), Tax Foundation filed a declaratory judgment action challenging the State's calculation of its cost to administer a City and County of Honolulu rail surcharge on general excise and use taxes collected by DOTax.  Tax Foundation didn't dispute liability to pay general excise and use tax or the rail surcharge itself; it challenged "only the 'administration and allocation' of the Honolulu County surcharge after it is assessed and collected."  Id. at 188, 439 P.3d at 140.  The supreme court held, "this is not a 'controversy with respect to taxes' and the exclusionary provision does not apply because only suits that would restrain the assessment and collection of taxes fall within the scope of HRS § 632-1."

Then, in Ocean Resort Villas, timeshare owners sought declaratory relief over the constitutionality of the County of Maui's timeshare real property tax classification, which imposed a higher rate on timeshares compared to the "hotel and resort" classification.  147 Hawai'i at 547, 465 P.3d at 994.  The supreme court noted that the complaint and two amendments all "sought declaratory relief in the form of voiding the County's real property timeshare tax, a result which would 'interfere with the assessment or collection of taxes.'"  Id. at 556, 465 P.3d at 1003.  The court held that the lawsuit was "a 'controversy with respect to taxes,' for which declaratory relief under HRS § 632-1

---

[5]     The prohibition against declaratory relief in controversies with respect to taxes was added to HRS § 632-1 in 1972.  1972 Haw. Sess. Laws Act 89, § 1(a).  It was added "to mirror the tax exclusion in the federal Declaratory Judgment Act," 28 U.S.C. § 2201, which "prohibits declaratory relief in tax matters to permit the government to assess and collect taxes alleged to be due it without judicial interference."  Tax Found. of Haw. v. State, 144 Hawai'i 175, 187, 439 P.3d 127, 139 (2019).

is not allowed.  For that reason, the circuit court lacked jurisdiction over the Taxpayers' suit."  Id.

Booking.com argues that HRS § 91-7 independently creates jurisdiction in the circuit courts over declaratory judgment actions about "the validity of an agency rule," including rules promulgated by DOTax.  It contends that HRS § 632-1 applies only to "cases of actual controversy," and argues — disingenuously — that

> there was no "controversy" at all between [Booking.com] and [DOTax] at the time this action was filed, and still today there is no controversy between the parties that [Booking.com] seeks to have resolved by this action. Indeed, **_[Booking.com] does not seek any ruling regarding the application of the Rule [HAR § 18-237-29.53-10(a)(3)] to [Booking.com] in this action_**.

(Emphasis added.)

Booking.com, then, is not "[a]ny interested person" entitled to seek relief under HRS § 91-7.  "[A]ny interested person is one who is, without restriction 'affected' by or 'involved' with the validity of an agency rule."  Asato v. Procurement Pol'y Bd., 132 Hawaiʻi 333, 343, 322 P.3d 228, 238 (2014) (cleaned up).  If Booking.com doesn't seek a ruling that HAR § 18-237-29.53-10(a)(3) does not apply to it, it is not "any interested person" entitled to declaratory relief under HRS § 91-7.

Here, Booking.com's complaint alleges that HAR § 18-237-29.53-10(a)(3) is a discriminatory tax that violates the Internet Tax Freedom Act, 47 U.S.C. § 151, and the Commerce and Supremacy clauses of the United States Constitution.  It requests a declaration that HAR § 18-237-29.53-10(a)(3) "is invalid and void."  If successful, it would restrain and interfere with the assessment or collection of taxes.  Under Ocean Resort Villas, the circuit court had no jurisdiction over Booking.com's suit.

147 Hawaiʻi at 556, 465 P.3d at 1003.  The circuit court did not err by granting DOTax's motion to dismiss.[6]

The Final Judgment entered by the circuit court on January 24, 2023, is affirmed.

DATED: Honolulu, Hawaiʻi, May 7, 2025.

On the briefs:

Ray K. Kamikawa,
Nathaniel A. Higa,
for Plaintiff-Appellant.

Lauren K. Chun,
Deputy Solicitor General,
State of Hawaiʻi,
for Defendants-Appellees
Gary S. Suganuma, in his
official capacity as Director
of Taxation, and State of
Hawaiʻi Department of
Taxation.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[6]    Booking.com is not without a means to challenge HAR § 18-237-29.53-10(a)(3).  Its recourse is through the tax appeal procedures of HRS Chapter 232, something it is already pursuing.  See Ocean Resort Villas, 147 Hawaiʻi at 556-57, 465 P.3d at 1003-04.