**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000443
15-DEC-2025
07:58 AM
Dkt. 56 MO**

NO. CAAP-23-0000443

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


OHANA CONTROL SYSTEMS, INC., Plaintiff-Appellant, v.
KEITH T. HAYASHI in his capacity as the Superintendent
of the DEPARTMENT OF EDUCATION, STATE OF HAWAII,
Defendant-Appellee, and JOHN DOES 1-10; JANE DOES 1-10,
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES
1-10; and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0000013)


**MEMORANDUM OPINION**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

**Ohana** Control Systems, Inc. appeals from the *Judgment* for Keith T. Hayashi, as Superintendent of the Hawai'i Department of Education (**DOE**),[1] entered by the Circuit Court of the First Circuit on July 17, 2023.[2]  Ohana challenges the July 6, 2023 *Findings of Fact and Conclusions of Law; Order* granting DOE's motion for summary judgment, and the September 13, 2023 *Order Granting in Part and Denying in Part Defendant's Motion for Taxation of Costs*.

---

[1]      "A suit against a state's . . . officers or agents in their official capacities is a suit against the state and not against its officers or agents in their individual capacities."  Makanui v. Dep't of Educ., 6 Haw. App. 397, 406, 721 P.2d 165, 171 (1986).

[2]      The Honorable Kevin T. Morikone presided.

We vacate the Judgment and the order on DOE's motion for taxation of costs, and affirm in part and vacate in part the order granting DOE's motion for summary judgment, because: **(1)** Ohana's contract-based claims were not time-barred; but **(2)** Ohana did not have "a fiduciary or confidential relation" with DOE to support its common-law constructive fraud claim, which was also time-barred; **(3)** the Circuit Court lacked jurisdiction to enter a declaratory judgment about DOE's entitlement to recover under the performance bonds; and **(4)** the order taxing costs should be vacated because we are vacating the Judgment.

## BACKGROUND

Ohana contracted with DOE to upgrade or replace fire alarm systems at **Benjamin Parker** Elementary School, **Dole** Middle School, **Mililani Middle** School, **Puʻuhale** Elementary School, **Waiau** Elementary School, **Waiheʻe** Elementary School, **Momilani** Elementary School, and **Mokulele** Elementary School.  Philadelphia Indemnity Insurance Company (**PIIC**) issued performance bonds for each contract.

Ohana sued DOE on January 5, 2022.  The complaint alleged that DOE breached each contract and the covenant of good faith and fair dealing implied in some.  It sought a declaration that DOE could not recover on the Benjamin Parker, Dole, and Mililani Middle performance bonds.[3]  It alleged constructive fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing on DOE's claims under the Benjamin Parker, Dole, and Mililani Middle bonds.

---

[3]     For background on DOE's bond claims, <u>see</u> <u>Phila. Indem. Ins. Co. v. Ohana Control Sys., Inc.</u>, 450 F. Supp. 3d 1043 (D. Haw. 2020).

DOE moved for summary judgment.  The Circuit Court entered findings of fact,[4] conclusions of law, an order granting the motion for summary judgment, and the Judgment.  DOE filed a timely post-judgment motion for taxation of costs, which the Circuit Court granted in part.  This appeal followed.

## STANDARD OF REVIEW

We review a grant of summary judgment de novo.  Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013).  Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.  When the summary judgment movant does not bear the burden of proof at trial, it has the burden to show (1) there is no genuine issue of material fact on the essential elements of the claim addressed by the motion, and (2) the uncontroverted facts entitle it to judgment as a matter of law.  Id. at 56, 292 P.3d at 1286.

## POINTS OF ERROR

Ohana's opening brief does not state points of error as required by Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).  Ohana appears to contend the Circuit Court erred by: applying the wrong statute of limitations; determining there was no genuine issue of material fact about when Ohana's claims against DOE accrued; concluding the constructive fraud claims lacked merit; concluding that declaratory relief was unwarranted and improper; and taxing the State's costs against Ohana.

---

[4]     "[F]indings of fact made by a trial court in relation to a summary judgment ruling are not binding on appeal, nor do they alter our de novo standard of review regarding a summary judgment ruling."  Hilo Bay Marina, LLC v. State, 156 Hawaiʻi 478, 487, 575 P.3d 568, 577 (2025).

**DISCUSSION**

**1.   Ohana's contract-based claims were not time-barred.**

DOE's motion for summary judgment argued that Hawaii Revised Statutes (**HRS**) § 661-5 applied to Ohana's contract-based claims.  Relevant to this case, the statute provides:

> Every claim against the State, cognizable under this part, shall be forever barred unless the action is commenced within two years after the claim first accrues[.]

HRS § 661-5 (2016).  DOE offered the following evidence:

The Benjamin Parker contract was awarded on March 21, 2013.  DOE sent Ohana a notice to cure default dated August 3, 2016.  DOE sent Ohana a *Termination of Contract For Cause* dated October 21, 2016.

The Dole contract was awarded on May 30, 2012.  DOE sent Ohana a notice to cure default dated February 9, 2016.  DOE sent Ohana a *Termination of Contract For Cause* dated October 18, 2016.

The Mililani Middle contract was awarded on February 20, 2013.  DOE sent Ohana a notice to cure default dated December 4, 2015.  DOE sent Ohana a *Termination of Contract For Cause* dated July 29, 2016.

The Puʻuhale contract was awarded on May 15, 2012.  DOE sent Ohana a notice to cure default dated December 1, 2015.  DOE sent Ohana a *Termination of Contract For Cause* dated May 9, 2016.

The Waiau contract was awarded on September 30, 2013.  DOE sent Ohana a notice to cure default dated September 26, 2014.  DOE sent Ohana a *Notice of Termination* dated January 13, 2015.

The Waiheʻe contract was awarded on October 25, 2012.  DOE sent Ohana a notice to cure default dated February 19, 2015.  DOE sent Ohana a *Notice of Termination* dated June 2, 2015.

The Mokulele contract was awarded on September 25, 2012.  It was terminated for convenience by letter dated April 2, 2015, before notice to proceed was issued.

The Momilani contract was awarded on December 21, 2012. DOE sent Ohana a contract completion notice dated May 20, 2015. It stated, "this contract is deemed satisfactorily completed and accordingly, final payment will be processed shortly."

DOE thus argued that Ohana's "contract-based claims began to accrue in 2015 or 2016 . . . [and it] had until 2017 or 2018 to assert its claims, but it failed to do so."

Ohana argued that HRS § 661-5 didn't apply because Ohana's exclusive remedy for DOE's breach of contract was prescribed by the Hawaii Public **Procurement Code**, HRS Chapter 103D, which contains its own statute of limitations. Ohana argued its "claims were either subject to the statute of limitations in [HRS] § 103D-712 or, in the alternative, did not accrue until [it] had gone through the administrative procedures in HRS §[§] 103D-703 and 103D-711."

Subject to certain exceptions not applicable here, the Procurement Code applies "to all procurement contracts made by governmental bodies[.]" HRS § 103D-102 (2012 & Supp. 2014). The Procurement Code's procedures and remedies and the rules adopted by the state procurement policy board are "the *exclusive* means available for persons aggrieved . . . in connection with a contract controversy, to resolve their claims or differences." HRS § 103D-704 (2012) (emphasis added); see Koga Eng'g & Constr., Inc. v. State, 122 Hawaiʻi 60, 86, 222 P.3d 979, 1005 (2010) (discussing legislative history).

DOE contends that "the grievance process under the Procurement Code was not applicable once the Subject Contracts were terminated" because Hawaiʻi Administrative Rules (**HAR**) § 3-126-31 requires a contractor to "proceed diligently with performance of this contract pending final resolution by a circuit court[.]" DOE argues the rule "contemplates that disputes and claims would be resolved during the life of the contract."

But HAR § 3-126-31 contains an exception "where there has been a material breach of contract by the State[.]" Wrongful

termination of a contract would be a material breach.  The Procurement Code's dispute resolution provision applies to all "controversies between a governmental body and a contractor which arise under, or by virtue of, a contract between them, including, without limitation, controversies based upon . . . *rescission*." HRS § 103D-703(a) (2012) (emphasis added).  DOE's contention is contrary to the plain language of HAR § 3-126-31 and HRS § 103D-703(a).

Before suing DOE, Ohana had to obtain "a decision issued pursuant to section 103D-703 by a state chief procurement officer or a designee[.]"  HRS § 103D-711(a) (2012); <u>Koga Eng'g</u>, 122 Hawaiʻi at 90-91, 222 P.3d at 1009-10 (holding that circuit court lacked jurisdiction over retainage claim because Koga didn't follow HRS § 103D-703 procedure).

DOE's chief procurement officer is the superintendent of education.  HRS § 103D-203(a)(6) (2012 & Supp. 2021).  Ohana requested a decision on its claims by letter dated February 19, 2021.  DOE's chief procurement officer's designee denied Ohana's claims by letter dated July 6, 2021.  That is when Ohana's claim accrued because that triggered Ohana's six-month deadline to sue DOE under HRS § 103D-712(c) (2012), which provides:

> (c)   Complaints to initiate judicial actions under section 103D-711 shall be filed in the circuit court within six months of the issuance of a written determination under section 103D-703.

<u>Cf.</u> <u>Savini v. Univ. of Haw.</u>, 113 Hawaiʻi 459, 466, 153 P.3d 1144, 1151 (2007) (construing medical-rehabilitative limit of motor vehicle insurance law to postpone accrual of tort claim until threshold was met).

We note that Ohana could have sued DOE as early as May 20, 2021, under HRS § 103D-703(f).  That statute provides that a contractor "may proceed as if an adverse decision had been received" if a decision is not issued within ninety days after a written request for one.  The language of HRS § 103D-703(f) is permissive, not mandatory.  It triggers no deadline to sue.

6

DOE contends that Ohana's "logic would allow an aggrieved contractor to pursue a contract claim against the State, even if the State terminated the contract <u>decades</u> ago, so long as the contractor files suit within six months after receipt of an adverse decision."  DOE argues that would be "a patently absurd and unjust result."  Were that so, the legislature could have addressed it by setting a deadline for contractors to request an HRS § 103D-703 written determination.  It did not.  A court "cannot change the language of the statute, supply a want, or enlarge upon it in order to make it suit a certain state of facts."  <u>State v. Abella</u>, 145 Hawaiʻi 541, 552, 454 P.3d 482, 493 (2019).

Ohana sued DOE on January 5, 2022 — one day before the HRS § 103D-712(c) deadline.  Ohana's contract-based claims were not time-barred.

### 2. Ohana cannot prove an element of its common-law constructive fraud claim which, at any rate, was also time-barred.

Ohana's complaint alleged that DOE committed insurance fraud under HRS § 431:2-403[5] by making claims under the Benjamin Parker, Dole, and Mililani Middle performance bonds "without any basis for demanding payment[,]" and that DOE "breached its legal duty not to engage in insurance fraud."

DOE's motion for summary judgment argued Ohana lacked standing to maintain a claim under HRS §§ 431:2-403 and 431:2-408, and Ohana did not have a fiduciary or confidential relationship with DOE.

Ohana conceded its constructive fraud claims were not brought under HRS §§ 431:2-403 or 431:2-408.  It argued they were "based on Hawaii common law on constructive fraud."

---

[5]  HRS § 431:2-403 (2019) criminalizes insurance fraud.  HRS § 431:2-408 (2019) creates a civil cause of action for insurance fraud available to an insurer or other licensee.  Ohana is neither an insurer as defined by HRS § 431:1-202 (2019) nor a licensee as defined by HRS § 431:2-401 (2019).

DOE replied that Ohana's complaint failed to allege the parties had a fiduciary or confidential relationship, and Ohana never moved to amend its complaint.

Common law constructive fraud "is characterized by the breach of [a] fiduciary or confidential relationship." Yoneji v. Yoneji, 136 Hawaiʻi 11, 18, 354 P.3d 1160, 1167 (App. 2015). It "extends to all instances when a fiduciary or confidential relation exists as a fact, in which there is confidence reposed on one side and a resulting superiority and influence on the other." Id. at 18-19, 354 P.3d at 1167-68.

Ohana argued it had a "special or confidential relationship" with DOE under HRS § 103D-306 (sole-source procurement), HRS § 103D-312 (fair and reasonable pricing policy; cost or pricing data), and these provisions of HRS § 103D-101:

> (a)  All public employees shall conduct and participate in public procurement in an ethical manner.  In conducting and participating in procurement, public employees shall:
>
> (1)  Act as a fiduciary and trustee of public moneys;
>
> . . . .
>
> (3)  Act only in the public interest; [and]
>
> . . . .
>
> (5)  Identify and maximize efficiencies in the public procurement process[.]
>
> . . . .
>
> (c)  All parties involved in the negotiation, performance, or administration of state contracts shall act in good faith.

HRS § 103D-101 (2012).

None of the cited statutes creates a fiduciary or confidential relationship where DOE had "superiority and influence" over Ohana.  Ohana failed to establish that element of its common law constructive fraud claim.  The Circuit Court did not err by granting summary judgment for DOE on that claim.  See Ralston, 129 Hawaiʻi at 60, 292 P.3d at 1290 (summary judgment

8

may be granted where opposing party unable to satisfy its burden of proof).

Alternatively, Ohana's common law constructive fraud claims were time-barred.  They were based upon DOE's claims on the performance bonds.  The initial claims were made before August 29, 2017, when PIIC sued Ohana in federal court.  See Phila. Indem. Ins. Co. v. Ohana Control Sys., Inc., 450 F. Supp. 3d 1043, 1049-50 (D. Haw. 2020).  Ohana's claims accrued at the latest in 2019, when DOE made a demand under the bonds. Id.  The statute of limitations is "two years after the claim first accrues[.]"  HRS § 661-5 (2016).  Ohana's complaint below was filed on January 5, 2022.  Its common law constructive fraud claims were time-barred.

### 3.  The Circuit Court lacked jurisdiction to enter a declaratory judgment about DOE's entitlement to recover under the performance bonds.

Ohana's complaint sought declarations that DOE was not entitled to recover under the Benjamin Parker, Dole, and Mililani Middle performance bonds.  DOE's motion for summary judgment argued that the declaratory judgment statute, HRS § 632-1, provides relief only "where an actual controversy exists between contending parties" and PIIC, a contending party, was not a party to the action.

Ohana argued that DOE was actually saying PIIC was an indispensable party, which it was not.

DOE replied that PIIC was an indispensable party.

In Island Ins. Co. v. Perry, 94 Hawaiʻi 498, 17 P.3d 847 (App. 2000), we stated that HRS § 632-1 (1993) was jurisdictional.  Id. at 502, 17 P.3d at 851.  The statute still provides: "Relief by declaratory judgment may be granted in civil cases where an actual controversy exists *between contending parties* . . . and the court is satisfied also that a declaratory judgment will serve to terminate the uncertainty or controversy

giving rise to the proceeding."  HRS § 632-1 (2016) (emphasis added).

DOE's entitlement to recover under the performance bonds is a controversy that exists (if at all) between DOE and PIIC.  PIIC is a party "to be joined if feasible" under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 19(a).  Ohana's complaint did not state the reason PIIC was not joined, as required by HRCP Rule 19(c).  Ohana made no showing that PIIC could not have been made a party.  See HRCP Rule 19(b).  A declaratory judgment that DOE *is* entitled to recover under the performance bonds — the corollary should Ohana lose its claim — would not "serve to terminate the uncertainty or controversy giving rise to the proceeding" because PIIC would not be bound.  Perry, 94 Hawai'i at 502, 17 P.3d at 851; HRS § 632-1(b).

Because PIIC — one of the "contending parties" — was not a party to the action below, and because Ohana did not show that PIIC could not have been made a party, the Circuit Court lacked jurisdiction to enter a declaratory judgment about DOE's entitlement to recover under PIIC's performance bonds.  "Lack of subject-matter jurisdiction means that a court is without power to decide the merits of a case."  Schwartz v. State, 136 Hawai'i 258, 262, 361 P.3d 1161, 1165 (2015).  The Circuit Court should have dismissed Ohana's declaratory judgment counts, rather than enter summary judgment for DOE and against Ohana on them.  See Perry, 94 Hawai'i at 502, 17 P.3d at 851.

### 4.    The order taxing costs is vacated.

Because we are vacating the Judgment, we also vacate the order granting in part and denying in part DOE's motion for taxation of costs.  Cf. Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawai'i 417, 420, 493 P.3d 939, 942 (2021) (stating that "an award of attorneys' fees is inappropriate where the underlying judgment is vacated").

<u>**CONCLUSION**</u>

The July 17, 2023 *Judgment* is vacated.  The summary judgments for DOE and against Ohana are affirmed as to Counts 4, 10, and 16 of Ohana's complaint, but vacated as to the remaining counts other than Counts 3, 9, and 15.  This case is remanded to the Circuit Court for further proceedings not inconsistent with this memorandum opinion.  On remand, the Circuit Court should enter an order dismissing Counts 3, 9, and 15 for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, December 15, 2025.

On the briefs:

Christopher J. Muzzi,
Leila M. Rothwell,
for Plaintiff-Appellant.

Anne T. Horiuchi,
Kevin M. Richardson,
Ronald D. Rodriguez,
Bradford K. Chun,
Carter K. Siu,
Deputy Attorneys General,
State of Hawaiʻi,
for Defendant-Appellee
Keith T. Hayashi in his
capacity as the Superintendent
of the Department of Education,
State of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge