**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000418
17-FEB-2026
08:29 AM
Dkt. 94 MO**

NO. CAAP-23-0000418

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KIA'I KAUAULA, AN UNINCORPORATED ASSOCIATION; and
KAIPO KEKONA, INDIVIDUAL, Plaintiffs-Appellees,
v.
WAINEE LAND & HOMES, LLC, A DOMESTIC LIMITED LIABILITY COMPANY;
HOPE BUILDERS LLC, A DOMESTIC LIMITED LIABILITY COMPANY; and
LAUNIUPOKO IRRIGATION CO., INC., A DOMESTIC PROFIT CORPORATION,
Defendants-Appellees,
and
COUNTY OF MAUI; COUNTY OF MAUI DEPARTMENT OF PUBLIC WORKS,
Defendants-Appellants, and DOES 1-27, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-21-0000286(1))

**MEMORANDUM OPINION**
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

The **County** of Maui and its Department of Public Works appeal from the **Final Judgment** for Kia'i Kauaula and Kaipo Kekona (together, **Kia'i**) entered by the Circuit Court of the Second Circuit.[1] The County challenges the **Order** granting summary judgment for Kia'i on Count 1 of their **Amended Complaint** for *Declaratory and Injunctive Relief*.

---

[1] The Honorable Kirstin M. Hamman presided.

We vacate the Final Judgment in part, and remand for entry of (1) an order dismissing Count 1 of the Amended Complaint for lack of jurisdiction and (2) an amended judgment.

## BACKGROUND

This case involves a waterline buried under a portion of **Kauaula Trail** that runs from the Lahaina Bypass to Mill Street in West Maui.[2] Work to bury the waterline was completed by August 28, 2021. Kiaʻi sued **Wainee Land** & Homes, LLC, Hope Builders, LLC, and Launiupoko Irrigation Co., Inc. (the **Waterline Defendants**) and the County less than a month later.

Kiaʻi alleged that the Waterline Defendants buried the waterline under Kauaula Trail without complying with the Hawaiʻi Environmental Policy Act (**HEPA**), Hawaii Revised Statutes (**HRS**) Chapter 343, and Maui County Code (**MCC**) § 12.04.020. Count 1 sought declaratory and injunctive relief based on the Waterline Defendants' alleged breach of HEPA. Count 2 sought injunctive relief under HRS Chapter 6E (Historic Preservation). Count 3 sought mandatory injunctive relief under HEPA.

Kiaʻi moved for summary judgment. The February 10, 2023 Order granted the motion as to Count 1, but denied it and granted summary judgment for all defendants on Counts 2 and 3.[3] The Final Judgment was entered on June 9, 2023. This appeal by the County followed. Kiaʻi did not appeal from the disposition of Counts 2 and 3.

---

[2] Kiaʻi refer to the unpaved Kauaula Trail as "Kauaula Road." We refer to it as a trail to avoid confusion with **Kauaula Road**, the paved street that runs mauka from Front Street until it turns into Waineʻe Street makai of Honoapiʻilani Highway. A tall concrete wall separates Kauaula Road and Waineʻe Street from Honoapiʻilani Highway. Kauaula Trail is mauka of Honoapiʻilani Highway. We take judicial notice of these facts pursuant to Hawaii Rules of Evidence Rule 201. We express no opinion about the legal relationship, if any, between Kauaula Trail and Kauaula Road.

[3] A court may enter summary judgment for the non-moving party if there is no genuine issue of material fact and the non-moving party is entitled to judgment as a matter of law. State ex rel. Anzai v. City & County of Honolulu, 99 Hawaiʻi 508, 515, 57 P.3d 433, 440 (2002).

## POINT OF ERROR

The County's opening brief does not address subject matter jurisdiction. But "lack of subject matter jurisdiction can never be waived by any party at any time." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003). A court must ensure it has subject matter jurisdiction, and must dismiss a case on its own if it concludes it lacks jurisdiction. Id. We ordered supplemental briefing on the issue under Hawaiʻi Rules of Appellate Procedure Rule (**HRAP**) 28(b)(4).[4] Kiaʻi and the County submitted supplemental briefs.

## STANDARD OF REVIEW

"The existence of jurisdiction is a question of law[.]" Ass'n of Apartment Owners of Century Ctr. v. An, 139 Hawaiʻi 278, 284, 389 P.3d 115, 121 (2016).

## DISCUSSION

Count 1 sought declarations that the Waterline Defendants (1) had to prepare an environmental assessment and otherwise comply with HRS § 343-5 before burying the waterline under Kauaula Trail; and (2) obtain an MCC § 12.04.020 permit before trenching under Kauaula Trail.

HRS § 343-5(a)(1) (2010 & Supp. 2021) required preparation of an environmental assessment for actions that "[p]ropose the use of state or county lands[.]"[5]

MCC § 12.04.020 (2000) required a permit to dig under any County public highway or thoroughfare.

---

[4]     HRAP Rule 28(b)(4) provides, in relevant part: "If an appellate court, when acting on a case on appeal, contemplates basing the disposition of the case wholly or in part upon an issue of plain error not raised by the parties through briefing, it shall not affirm, reverse, or vacate the case without allowing the parties the opportunity to brief the potential plain-error issue prior to disposition."

[5]     HRS § 343-5(a) describes nine actions for which an environmental assessment is required, but Kiaʻi relied only on subsection (1).

Thus, the motion for summary judgment presented the issue of whether Kauaula Trail was state or county land, or a County public highway or thoroughfare.

Kia'i contended Kauaula Trail was owned by the County because (1) it was abandoned to the **Kingdom** of Hawai'i under The Highways Act, 1892, and (2) one of the Kingdom's successors (the Territory of Hawai'i or the **State** of Hawai'i) transferred title to the County "through HRS §§ 264-1 and -2[.]"[6]

Wainee Land submitted evidence showing it owned Kauaula Trail where it was traversed by the waterline.

The County denied owning Kauaula Trail and denied Kauaula Trail was a County public highway or thoroughfare.  It argued that even if Kauaula Trail was abandoned to the Kingdom in 1892, it remains owned by the State, not by the County.

---

[6]     HRS § 264-1 (Supp. 2017) provided, in relevant part:

(b)   All trails, and other nonvehicular rights-of-way in the State declared to be public rights-of-ways by the Highways Act of 1892, or opened, laid out, or built by the government or otherwise created or vested as nonvehicular public rights-of-way at any time thereafter, or in the future, are declared to be public trails. *A public trail is under the jurisdiction of the state board of land and natural resources unless it was created by or dedicated to a particular county, in which case it shall be under the jurisdiction of that county.*

(Emphasis added.)

HRS § 264-2 (2020) provides, in relevant part:

The ownership of all public highways and the land, real estate and property of the same shall be in the government in fee simple.  The term "government" as used herein means the State with reference to state highways and means the respective counties with reference to county highways. . . .

The governor may, at any time by executive order, turn over to any county, state land, in fee simple, for use as a county highway, and the county involved shall thereafter be responsible for its repair and maintenance as a county highway.

The ownership of all county highways is transferred to and vested in the respective counties in which the county highways lie.

The County took the same position about another trail in <u>McElroy v. McBarnet</u>, No. CV 17-00009 LEK-RLP, 2017 WL 8316933 (D. Haw. Aug. 21, 2017) (order).  There, McElroy sued the County of Maui and others for a declaration that he was entitled to use a trail to access his property because "it is covered by the Highways Act of 1892 and is a Maui County highway pursuant to Haw. Rev. Stat. § 264-1."  <u>Id.</u>, 2017 WL 8316933, at *2.  The federal district court dismissed the count for declaratory judgment because:

> Haw. Rev. Stat. § 264-1 notes that there are two types of public highways: state highways and county highways. § 264-1(a)(1)-(2).  Plaintiff has named Maui County as a party to this suit, but not the State of Hawai'i or the relevant state agency.  At the hearing on the Motion, Maui County represented that it does not have responsibility for the road at issue in the instant matter — that it is not a county road.  In short, it is possible that Plaintiff has not sued the proper party in this matter, and has therefore not stated a claim upon which relief can be granted.

<u>Id.</u>, 2017 WL 8316933, at *5 (citing Federal Rules of Civil Procedure Rule 12(b)(6)).

The <u>McElroy</u> court did not discuss whether the State was an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, but federal Rule 19 could have been applied. The parallel state rule, Hawai'i Rules of Civil Procedure (**HRCP**) Rule 19, applies in this case.

The relief sought by Kia'i was contingent upon Kauaula Trail having been abandoned to the Kingdom under The Highways Act, 1892.  Kia'i did not sue the State for declaratory relief. The record does not reflect whether the State contends it owns, or ever owned, Kauaula Trail, or whether the State contends Kauaula Trail is owned by Wainee Land, the County, or some other person or entity.

Should the State litigate the ownership issue against any party to this action, or any other party alleging the State owns Kauaula Trail, there would be a risk of inconsistent

5

results. For example, someone could sue the State because they were injured while using Kauaula Trail, alleging that the trail's condition posed "an unreasonable risk of harm." See Bhakta v. County. of Maui, 109 Hawaiʻi 198, 214, 124 P.3d 943, 959 (2005). The plaintiff would arguably not be bound by the Circuit Court's ruling in this case that Kauaula Trail is a County public highway or thoroughfare. A finding in the tort case that Kauaula Trail is a State highway would be inconsistent with the Circuit Court's declaration here.

The State is thus a party "to be joined if feasible" under HRCP Rule 19(a). The Amended Complaint did not explain why the State was not joined, as required by HRCP Rule 19(c). Kiaʻi made no showing that the State could not have been made a party. See HRCP Rule 19(b).

HRS § 632-1(b) (2016), which authorizes declaratory judgments, is a jurisdictional statute. Island Ins. Co. v. Perry, 94 Hawaiʻi 498, 502, 17 P.3d 847, 851 (App. 2000). The statute provides: "Relief by declaratory judgment may be granted in civil cases where an actual controversy exists *between contending parties* . . . and the court is satisfied also that a declaratory judgment will serve to *terminate the uncertainty or controversy* giving rise to the proceeding." (Emphasis added.)

In Perry, a liability insurer sought a declaration that it had no duty to defend or indemnify its insured against liability for an auto accident. The insurer sued its insured and the accident victim, but later dismissed the insured. After a bench trial, the circuit court entered a judgment against the victim declaring that the insurer did not have a duty to defend or indemnify its (absent) insured. We held that the insured was "indispensable[,]" 94 Hawaiʻi at 501, 17 P.3d at 850, because he would not be bound by the declaratory judgment and, if found liable to the victim, could re-litigate the insurer's duty to indemnify him, id. at 502, 17 P.3d at 851.

Here, Kiaʻi contend Kauaula Trail was abandoned to the Kingdom of Hawaiʻi under The Highways Act, 1892, and title devolved to the County.  The County contends that even if Kauaula Trail was abandoned to the Kingdom in 1892, title remains with the State.  Wainee Land contends it owns Kauaula Trail.  The State is not a party.  Under these circumstances, the Circuit Court lacked jurisdiction to enter a declaratory judgment that necessarily decided the ownership of Kauaula Trail.  Perry, 94 Hawaiʻi at 502, 17 P.3d at 851; see also Haiku Plantations Ass'n v. Lono, 56 Haw. 96, 100, 529 P.2d 1, 4 (1974) (holding that trial court lacked jurisdiction to enter declaratory judgment about scope of easement because fee owner was not a party to the action).

## CONCLUSION

The June 9, 2023 Final Judgment is vacated in part, and this case is remanded to the Circuit Court.  On remand, the Circuit Court should enter: (1) an order dismissing Count 1 of the Amended Complaint for lack of jurisdiction; and (2) an amended judgment for all defendants and against Kiaʻi on Counts 2 and 3 of the Amended Complaint, which should state that "all other claims, counterclaims, and cross-claims are dismissed." See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119 n.4, 869 P.2d 1334, 1338 n.4 (1994).

DATED: Honolulu, Hawaiʻi, February 17, 2026.

On the briefs:

Victoria J. Takayesu,
Corporation Counsel,
Kristin K. Tarnstrom,
Brian A. Bilberry,
Deputies Corporation
Counsel, County of Maui,
for Defendants-Appellants.

Lance D. Collins,
Bianca Isaki,
for Plaintiffs-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge